**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID SCOTT, | ) | Case No. 03-75069 |
| | ) | |
| Plaintiff. | ) | Arthur J. Tarnow |
| | ) | District Judge |
| v. | ) | |
| | ) | Steven D. Pepe |
| CARTENSEN, G. WILLIAMS, | ) | Magistrate Judge |
| T. HAYNES and M. WILKENSEN, | ) | |
| | ) | |
| Defendant. | | |

**ORDER DENYING DEFENDANT'S OBJECTIONS [DE 40], ADOPTING REPORT AND RECOMMENDATION [DE 39], AND DENYING DEFENDANTS' MOTION TO DISMISS [DE 21]**

**I. INTRODUCTION**

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff, a prisoner incarcerated in the Michigan Department of Corrections, alleges that the defendant prison guards filed major misconduct charges against him in retaliation for filing lawsuits and grievances. Defendants filed a motion to dismiss under Fed. R. Civ. P 12(b)(6). The Magistrate Judge has filed a report and recommendation (R&R) recommending that the motion to dismiss be denied.

Defendants filed objections to the Magistrate Judge's R&R. They argue that the Magistrate Judge improperly analyzed this case under Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 56, and that had the Magistrate Judge considered the motion under Rule 56, it should have been granted.

The Court has considered the R&R and the pleadings on file, including Defendant's objections. The Court finds that the Magistrate Judge properly analyzed

Scott v. Cartensen, et al.<br>Case No. 03-75069

Defendants' motion under Rule 56.  In addition, Defendants' motion, even if analyzed under Rule 56, should be denied.  Therefore, Defendant's objections will be **DENIED**, the R&R will be **ADOPTED**, and Defendant's motion to dismiss/motion for summary judgment will be **DENIED**.

## II.  FACTS

The facts of this case are adequately set forth in the R&R and need not be repeated here.  To the extent that Defendant's factual allegations are relevant to the Court's consideration of their objections, they will be discussed below.

## III.  STANDARD OF REVIEW

Under Rule 56, summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of demonstrating that there is an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are determined by the substantive law in the case.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986).  All inferences must be made in a light most favorable to the non-moving party, in this case, Plaintiff.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV.  DISCUSSION

In their objections, Defendants make the following arguments: (1) because the parties referred to matters outside the pleadings, the Magistrate Judge should have analyzed Defendants' motion under Rule 56 rather than Rule 12; and (2) Plaintiff suffered no adverse action because the major misconduct tickets were "pulled" before any penalties could be imposed against Plaintiff.

Scott v. Cartensen, et al.<br>Case No. 03-75069

Defendants' first argument is based on a misinterpretation of the R&R. Defendants rely on Footnote 6 of the R&R, where the Magistrate Judge noted:

> Under these facts if this motion were considered under the Rule 56 standard there would be a question of fact regarding whether Plaintiff changed his clothes in the doorway or in the housing unit, as the Yard Pass clearly conflicts with the Defendants' reports/statements.  The Defendants offered no explanation for this discrepancy in their motion or reply.  Further, because Defendants have offered no additional evidence outside the pleadings for consideration with their motion, the undersigned did not include a full Rule 56 analysis.

R&R at 8 n.6.

Defendants cite only the last sentence of the foregoing passage, thus ignoring its context.  The Magistrate Judge concluded that the evidence on record contained factual disputes precluding judgment as a matter of law.  Therefore, Defendants' objection is without merit.

Defendants' objections also ignore the Magistrate Judge's analysis of the "adverse action" element of Plaintiff's retaliation claim.  Contrary to Defendant's assertion, the Magistrate Judge held that dismissal should be denied under Rule 12 and Rule 56 standards:

> Accordingly, this Court should not grant a 12(b)(6) motion for failure to state a claim, **nor summary disposition** on the issue of whether the conduct of the Defendants meets the adverse action standard of *Thaddeus-X* notwithstanding Plaintiff's ability to have this ticket dismissed quickly.

R&R at 13 (emphasis added).

The Magistrate Judge analyzed Defendants' motion under Rule 56.  Therefore, Defendants' first objection is without merit.

3

Scott v. Cartensen, et al.
Case No. 03-75069

## 2.  Are Defendants Entitled to Summary Judgment Under Rule 56 Because Plaintiff's Ticket Was "Pulled?"

As to Defendants' second argument, the Court finds that the evidence is insufficient to warrant summary judgment under Rule 56.  There are at least two outstanding factual questions that should be answered by the jury as finder of fact:  (1) whether or not the tickets were frivolous, false, or unsubstantiated; and (2) whether or not Defendants' conduct was sufficient to deter a prisoner of ordinary firmness from exercising their constitutional rights.

First, Defendants argue that the tickets were not false or unsubstantiated.  However, the Magistrate Judge properly concluded that there is a question of fact as to whether or not the tickets were false or unsubstantiated at the time they were written.

Second, Defendants argue that even if the tickets were false or unsubstantiated, Plaintiff cannot establish a retaliation claim because the tickets were "pulled" before any adverse action was taken against Plaintiff.

"[A]n adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999).  "[S]ince there is no justification for harassing people for exercising their constitutional rights [the effect on freedom of speech] need not be great in order to be actionable." *Thaddeus-X*, 175 F. 3d at 397 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).  To constitute adverse action, the retaliatory conduct must be more than "inconsequential," but it need not be "egregious." *Thaddeus-X*, 175 F. 3d at 398.  As the Magistrate Judge correctly noted, "the injury to this right [to seek redress of grievances] inheres in the retaliatory conduct itself." *Thaddeus-X v. Blatter*, 175 F. 3d 378, 394

4

Scott v. Cartensen, et al.
Case No. 03-75069

(quoting *Dixon v. Brown*, 38 F. 3d 379 (8th Cir. 1994).

In this case, the Magistrate judge found that "a jury could find that writing an unsubstantiated major ticket in retaliation for the inmate filing a grievance against a fellow officer is not an 'inconsequential action' even if the inmate is able to avoid the exposure and penalties of a major misconduct in short order." R&R at 13.

Defendants argue that because the tickets were "pulled," they could not, as a matter of law, deter a person of ordinary firmness from exercising their constitutional rights. Defendants' argument misconstrues the test for adverse action. The question is not whether Plaintiff was subjected to a particular type of formal punishment as a result of the misconduct tickets. Rather, the question is whether or not the retaliatory conduct, namely, the issuing of tickets for major misconduct, would deter a prisoner of ordinary firmness from exercising their rights under the circumstances. As to this question, factual disputes preclude summary judgment.

Defendants cite *Mezibov v. Allen*, 411 F. 3d 712, 721 (6th Cir. 2005), for the proposition that the Court should not trivialize the First Amendment by sanctioning a retaliation claim where no injury occurs. In *Mezibov*, the Court noted that "we are required to 'tailor' our analysis under the 'adverse action' prong to the circumstances of [the] specific retaliation claim." *Mezibov*, 411 F. 3d at 721 (quoting *Thaddeus-X*, 175 F. 3d at 398). Applying the test from *Thaddeus-X*, the Court found that the plaintiff in *Mezibov*, a criminal defense attorney, did not suffer an adverse action under the circumstances of that case.

Defendant also cites *Jackson v. Hamlin*, 61 Fed. Appx. 131, 133 (6th Cir. 2003) (unpublished), for the proposition that where a prisoner's misconduct conviction is

5

Scott v. Cartensen, et al.
Case No. 03-75069

reversed on appeal, the prisoner cannot establish an adverse action. As to the adverse action requirement, the Court held:

> Jackson did not suffer an adverse action that would have deterred a person of ordinary firmness from filing further complaints because Jackson's misconduct conviction was overturned on appeal and no sanctions were imposed.

*Jackson*, 61 Fed.Appx. at 133.

The Court will not rely on *Jackson* as controlling authority because the Court's *per curiam* order in that case does not set forth a sufficient factual record to compare to this case.  In order to faithfully apply the test from *Thaddeus-X*, this Court is required to tailor its analysis to the facts and circumstances of the instant case, rather than apply the legal conclusions from another case, such as *Jackson*.  *See Mezibov*, 411 F. 3d at 721.  As the Magistrate Judge concluded, under the specific facts presented here, the Court cannot conclude, as a matter of law, that Defendants' actions against Plaintiff would not deter a reasonable prisoner in Plaintiffs' position from exercising his rights.  Therefore, a jury should decide if Plaintiff can establish the second element of the retaliation claim.

Finally, Defendants cite *Davis v. Martin*, 52 Fed. Appx. 717, 718 (6th Cir. 2002) (unpublished) for the proposition that a prisoner cannot state a claim for retaliation where the prisoner is placed on modified access for filing grievances.  This case is distinguishable from *Davis*, since Plaintiff is not alleging that he was placed on modified access as retaliation for filing grievances.  In *Davis*, the Court held that

> [The plaintiff's] placement on modified grievance access only ensured that he would file grievances that complied with prison regulations, thus allowing him to engage in the precise conduct which he alleged he wished to pursue.

Scott v. Cartensen, et al.<br>
Case No. 03-75069

*Id*. at 718.

In this case, as the Magistrate Judge concluded, Plaintiff engaged in protected conduct and Defendants decided to file grievances against him as retaliation for that conduct. Unlike the prison officials in *Davis*, it appears that Defendants intended to deter Plaintiff from filing any sort of grievance or complaint, regardless of whether or not it was frivolous. Reasonable jurors could conclude that this conduct would deter a prisoner of ordinary firmness from exercising constitutional rights. Therefore, Plaintiff's retaliation claim, which is legally and factually distinguishable from *Davis*, should go to a jury.

## V.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' objections to the R&R [DE 40] are

Scott v. Cartensen, et al.<br>Case No. 03-75069

DENIED.

    IT IS FURTHER ORDERED that the R&R [DE 39] is ADOPTED as the findings and conclusions of the Court.

    IT IS FURTHER ORDERED that Defendants' motion to dismiss [DE 21] is DENIED.

    SO ORDERED.


                s/Arthur J. Tarnow<br>
                Arthur J. Tarnow<br>
                United States District Judge

Dated:  March 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2006, by electronic and/or ordinary mail.

                s/Theresa E. Taylor<br>
                Case Manager