UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

                Plaintiff,                        No. 03-CV-75069-DT

vs.

ROD CARTENSEN, et al.,

                Defendants.
_____/

MEMORANDUM OPINION AND ORDER REGARDING
PLAINTIFF'S COUNSEL'S REQUEST FOR REIMBURSEMENT OF
*PRO BONO* ATTORNEY FEES AND EXPENSES

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on        April 20, 2010

        PRESENT:   Honorable Gerald E. Rosen
                               United States District Chief Judge

I. INTRODUCTION

Plaintiff David Scott was assigned *pro bono* counsel to represent him in this prisoner civil rights action. After Default Judgment was entered in favor of Scott against the last remaining defendant in this case, Scott's attorneys submitted a motion for attorneys fees and costs requesting a fee award of $11,063.50, plus costs and other expenses in the amount of $97.83. This matter is presently before this Court pursuant to the Chief Judge's obligation to review requests for reimbursement of *pro bono* attorney expenses in excess of $2,500.00. *See* Rules for Reimbursement of Pro Bono Attorney

1

Expenses in Civil Cases ¶ 1(d).

Having reviewed and considered counsel's petition for fees and costs and the supporting documentation submitted in connection therewith, the Court is now prepared to rule on this matter. This Memorandum Opinion and Order sets forth the Court's ruling.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff David Scott filed this prisoner civil rights action *pro se* against Michigan Department of Corrections prison guards Rod Cartensen, Michael Wilkinson, Thomas Haynes, and Glynn Williams. The gist of Plaintiff's complaint was that Cartensen, Wilkinson and Haynes wrote retaliatory major misconduct tickets and that they conspired with each other and Defendant Williams to retaliate against him because of Scott's previous filing of a complaint in the Western District of Michigan against another prison officer and his previous grievances and prison complaints against Defendant Williams.

Cartensen, Wilkinson and Haynes answered the Complaint; however, Williams, who no longer is employed by the MDOC, did not. (Williams was eventually served by substituted service but he never requested the AG to represent him and he never filed an answer.)

After Defendants' initial motion to dismiss was denied, and in response to Plaintiff's motion for assistance in effecting service of process upon Defendant Williams, Judge Tarnow appointed counsel to represent Plaintiff. Attorney William D. Adams, from the law firm of Hertz, Schram & Saretsky, P.C., (now known as Hertz Schram, P.C.), agreed to take on *pro bono* representation of Scott and an Order of Assignment of Counsel

was accordingly entered in this matter on March 27, 2006. On August 4, 2006, Gary Supanich was substituted as counsel for Plaintiff in place of William Adams. Then, a year later, on September 20, 2007, Patricia Stamler was added as co-counsel.

Shortly thereafter, Plaintiff requested and was granted a clerk's entry of default against Defendant Williams. Cartensen, Wilkinson and Haynes subsequently filed a motion to dismiss Scott's complaint on statute of limitations grounds. Plaintiff filed a 3-page response. On August 18, 2008, Magistrate Judge Steven Pepe entered a Report and Recommendation recommending that the Court grant the motion to dismiss. No objections were filed. On September 22, 2008, Judge Tarnow adopted the R&R, granted Defendants' Cartensen's, Wilkinson's and Haynes' motion, and dismissed all of Plaintiff's claims, with prejudice.

Plaintiff then proceeded with his motion for entry of a default judgment against Defendant Williams.[1] Judge Tarnow granted the default judgment motion as to liability on July 21, 2009 and scheduled a hearing on Plaintiff's damages on September 18, 2009. After this hearing, the Court entered a monetary judgment in favor of Plaintiff and against

---

[1] The motion for entry of default judgment was previously referred to Magistrate Judge Pepe for report and recommendation. The Magistrate Judge recommended granting the motion. However, some confusion with respect to the entry of default arose when it was incorrectly characterized by the Magistrate Judge as "*Defendants*' motion for default." The Magistrate Judge also incorrectly characterized Plaintiff as *pro se* and, for that reason, recommended denying Plaintiff's pendent petition for costs and fees. These errors necessitated the filing of objections by Plaintiff. The objections apparently were overlooked and the case was closed. When the pendency of the objections was brought to the court clerk's attention, the case was reopened. Judge Tarnow then ruled on the objections and corrected the Magistrate Judge's errors. Thereafter, Judge Tarnow ordered that the motion for entry of default judgment go forward, and scheduled a hearing on the Plaintiff's damages.

Defendant Williams in the amount of $50,000 ($25,000 compensatory damages and $25,000 punitive damages). The Court also directed Plaintiff's counsel to submit a revised request for attorneys' fees, reflecting the additional work done to prepare for the damages hearing.

On November 3, 2009, Plaintiff's counsel submitted an Amended Petition for Attorneys' Fees and Costs to which she appended an Amended Non-Appropriated Fund Voucher, requesting reimbursement of *pro bono* fees and expenses in the amount of $11,161.33. This total sum represents attorney fees in the amount of $11,063.50 for 43.35 hours of attorney time,[2] plus costs and expenses in the amount of $97.83. Observing that requests for reimbursement of *pro bono* attorneys fees and costs from the Non-Appropriated Fund require the approval of the Chief Judge, Plantiff's counsel also submitted her Petition and Voucher to this Court.

## DISCUSSION

As a preliminary matter, the Court expresses its appreciation to Plaintiff's counsel for undertaking this *pro bono* prisoner civil rights case. Counsel's work is not only a service to the Plaintiff, but also to the justice system and the Court, and nothing in the Court's discussion of the principles governing its consideration of this matter should be taken as a diminishment of counsel's dedication, service or work on this case, or of the

---

[2] 7.75 hours were billed by attorney Gary Supanich at a rate of $250.00 per hour; 35.6 hours were billed by attorney Patricia Stamler -- 35.1 hours at $260.00 per hour and .5 hour at $285.00 per hour.

4

Court's appreciation for it.

The Non-Appropriated Fund is used by the Court to reimburse attorneys acting in connection with the Pro Bono Civil Assignment Panel for certain expenses associated with the evaluation, preparation and presentation of civil actions in the Eastern District of Michigan. *See* Rules for Reimbursement of Pro Bono Attorney Expenses in Civil Cases, ¶ 1(a), available at http://www.mied.uscourts.gov/Rules/Plans/probono3.pdf. As set forth in the Rules,

> The maximum amount that may be disbursed from the Fund in any case is $2,000.00, unless substantial documentation is provided indicating that additional reimbursement is warranted. Requests for reimbursement that exceed $2,500 also require approval of the Chief Judge.

*Id*. at ¶ 1(d).

Reimbursement from the Fund, however, is limited to the following allowable expenses: depositions and transcripts; investigative or expert services; travel (i.e., mileage and parking); fees for service of papers and the appearance of witnesses; interpreter services; and out-of-office photocopying and telephone calls. *See id*., ¶ 1(f)(i)-(vi). **Attorneys' fees may not be reimbursed from the Fund.** *Id. ¶* 2 (emphasis added). Such fees, however, may be assessed against the losing party and awarded to the prevailing party in certain actions pursuant to statute. *Id*. As provided in the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318. . . or title VI of the Civil Rights Act of 1964. . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as

part of the costs.

*Id.*

This case is a section 1983 civil rights action, and, thus, attorneys' fees may be recoverable pursuant to 42 U.S.C. § 1988.

The transcript of the hearing conducted by Judge Tarnow on Plaintiff's petition for fees and costs on September 18, 2009 establishes that Plaintiff's counsel was advised that attorneys' fees would not be reimbursed through the Fund. Judge Tarnow accordingly instructed Plaintiff's counsel to:

> . . . [S]eparate the bill into two categories. And that is your time and your out of pocket. Because I think the Court can help you with your out-of-pocket. The other you will have to get from Mr. Williams [the Defaulted Defendant].

However, rather than segregating the expenses reimbursable from the Non-Appropriated Fund from the non-reimbursable fees, Plaintiff's counsel submitted one "Amended" Non-Appropriated Fund Voucher, in which counsel seeks reimbursement of travel expenses amounting to $45.48; photocopying, telephone calls and postage expenses in the amount of $52.35; and attorneys' fees in the amount of $11,063.50.

As indicated above, Plaintiff is not entitled to reimbursement of attorneys fees from the Non-Appropriated Fund. *See* Rules for Reimbursement of Pro Bono Attorney Expenses in Civil Cases, ¶ 2, available at http://www.mied.uscourts.gov/Rules/Plans/probono3.pdf. Plaintiff may, of course, file a motion with Judge Tarnow who, in his discretion, may assess reasonable attorneys fees, as part of the costs, against Defendant

6

Williams and award them to Plaintiff as the prevailing party pursuant to 28 U.S.C. § 1988.[3] This leaves only the total amount of $97.83 as potentially reimburseable from the Fund.[4] Since this sum is less than $2,500.00, it will not require the Chief Judge's approval.

## CONCLUSION

For all of the foregoing reasons, this matter is remanded to Judge Tarnow for hearing and determination as he sees fit.

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 20, 2010


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

---

[3] Such costs are normally included in the judgment. *See* 28 U.S.C. § 1920.

[4] Some of these costs, however, may not be reimbursable through the Fund. Only those costs and expenses that may not be statutorily recovered or taxed against the losing party may be reimbursed from the Fund. *See* Rules for Reimbursement of Pro Bono Attorney Expenses in Civil Cases ¶ 1(h). Thus, for example, to the extent that any of these costs may be taxed as costs pursuant to 28 U.S.C. §§ 1920-1925, they may not be reimbursed through the Non-Appropriated Fund.