UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

                Plaintiff,                            No. 03-CV-75069-DT

vs.

ROD CARTENSEN, et al.,

                Defendants.
_____/

ORDER DENYING HERTZ SCHRAM PC'S MOTION FOR
RECONSIDERATION OF THE COURT'S APRIL 20, 2010 ORDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        May 11, 2010

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

Pursuant to the Chief Judge's obligation to review requests for reimbursement of *pro bono* attorney expenses in excess of $2,500.00, on April 20, 2010, this Court entered a Memorandum Opinion and Order finding that Plaintiff's counsel is not entitled to reimbursement for attorneys' fees from the Non-Appropriated Fund. *See* 4/20/10 Memorandum Opinion and Order; *see also* Rules for Reimbursement of Pro Bono Attorney Expenses in Civil Cases, ¶ 2, available at http://www.mied.uscourts.gov/ Rules/Plans/probono3.pdf.[1] Only the $97.83 requested for costs and expenses could be

---

[1] The Court noted, however, that Plaintiff could file a motion with Judge Tarnow, the trial judge, who, in his discretion, may assess reasonable attorneys fees, as part of the costs, against Defendant Williams and award them to Plaintiff as the

reimbursed from the Fund. *Id.* Since this sum is less than $2,500.00, it does not require the Chief Judge's approval. The Court, therefore, remanded this matter to Judge Tarnow for adjudication.

Plaintiff's counsel now moves this Court to reconsider its April 20, 2010 ruling.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). *See also Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (denying a Fed. R. Civ. P. 59(e) motion to amend or alter judgment explaining that such motions "are not intended as a vehicle to

---

prevailing party pursuant to 28 U.S.C. § 1988 as part of the judgment.

relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id*. (internal quotation omitted)).

Hertz Schram's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Hertz Schram contends that the Rules for Reimbursement of Pro Bono Attorney expenses in Civil Cases carve out an exception to the prohibition for reimbursement for attorneys fees for Section 1983 cases. Counsel is mistaken. Hertz Schram's argument is premised upon a misreading of Rule 2 which provides:

> Attorneys' fees may not be reimbursed from the Fund. However, in any action or proceeding to enforce a provision of 42 U.S.C.A. §§ 1981, 1982, 1983, 1985 and 1986, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, or title VI of the Civil Rights Act of 1964, the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. 42 U.S.C. § 1988.

Rules for Reimbursement of Pro Bono Attorney Expenses in Civil Cases, ¶ 2, available at http://www.mied.uscourts.gov/ Rules/Plans/probono3.pdf (citing 42 U.S.C. § 1988).[2]

---

[2] This provision tracks the statute almost verbatim. 42 U.S.C. § 1988 provides:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

This paragraph merely provides that, although fees are not reimbursable from the Non-Appropriated Fund, they may be awarded, in the court's discretion, pursuant to 42 U.S.C. § 1988. However, fees awarded as part of the costs pursuant to Section 1988 are recoverable by a prevailing party *against the losing party*. *Kentucky v. Graham*, 473 U.S. 159, 164, 105 S.Ct. 3099, 3104 (1985) ("Section 1988 does not in so many words define the parties who must bear these costs. Nonetheless, it is clear that the logical place to look for recovery of fees is to the losing party-the party legally responsible for relief on the merits.") *See also* 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* § 54.70[1], p. 1301 (1985) ("Costs" are awarded "against the losing party and as an incident of the judgment"); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2666, p. 173 (1983) ( "'Costs' refers to those charges that one party has incurred and is permitted to have reimbursed by his opponent as part of the judgment in the action"). This is what the Court held in its April 20, 2010 Opinion, and Hertz Schram has not shown a "palpable defect" in the Court's ruling.

For these reasons,

IT IS HEREBY ORDERED that Hertz Schram PC's Motion for Reconsideration is DENIED.

                                       s/Gerald E. Rosen
                                       Chief Judge, United States District Court

Dated: May 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2010, by electronic and/or ordinary mail.

                                        s/Ruth A. Gunther
                                        Case Manager