**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID SCOTT,

        Plaintiff,

v.

STEVEN CARTENSEN, *et al.*,

        Defendants.
                                        /

Case No. 03-75069

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
STEVEN D. PEPE

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [87]

On September 22, 2008, the Court entered an Order [80] adopting the Magistrate Judge's Report and Recommendation [78] and dismissing on statute-of-limitations grounds Plaintiff's Complaint as to Defendants Steven Cartensen, Thomas Haynes, and Michael Wilkinson. Plaintiff subsequently obtained a Default Judgment [86] against Defendant David Scott.

Now pending is Plaintiff's Motion for Relief from Judgment [87]. Therein, Plaintiff requests, pursuant to Fed. R. Civ. P. 60, that the Court set aside its order dismissing Defendants Cartensen, Haynes, and Wilkinson.

Specifically, Plaintiff takes issue with the existence of dual time stamps on the cover sheet of his civil complaint, which indicate that it was received by the Clerk's office initially on November 17, 2003, and again on December 12, 2003.[1] The parties do not dispute that the statute of limitations governing Plaintiff's civil rights action ran on November 21, 2000, which set Plaintiff's latest possible filing date on November 21, 2003: a date that falls *between* the Clerk's office first and second stamped receipts of Plaintiff's Complaint. Plaintiff argues that: the dual time stamps demonstrate a clerical error by the Court meriting relief under Fed. R. Civ. P. 60(a); defense counsel purposefully and in bad faith misrepresented Plaintiff's filing date, warranting relief under Fed. R. Civ. P. 60(b)(3), and; Plaintiff is entitled to relief under the

---

[1] The Complaint [3] was then docketed as "filed" on December 18, 2003, after the Magistrate Judge granted [2] Plaintiff's application to waive prepayment of the filing fee.

catch-all provision of Fed. R. Civ. P. 60(b)(6) because "to deny such relief would be a gross miscarriage of justice." *See* Pl.'s Mot. [87] at 1-3.

Defendants have filed a Response [88] to Plaintiff's motion.

As to Plaintiff's argument under Fed. R. Civ. P. 60(a), Defendants argue that the dual time stamps were not a "clerical error" of the sort that is subject to correction under the rule, and that Plaintiff cannot use that vehicle to raise an untimely substantive argument regarding the statute of limitations in this case. *See* Defs.' Resp. at 2. Defendants further argue that, even if the Court considers Plaintiff's Rule 60(a) motion, it fails on its merits. *See id*. at 5-6. The record contains written correspondence indicating that on November 26, 2003, the Clerk's Office wrote to Plaintiff to indicate its rejection of Plaintiff's initial submission for failure to conform to the filing rules. *See id*., Ex. 1. Plaintiff's return correspondence to the Court, dated December 5, 2003, shows that Plaintiff then submitted the conforming document that was accepted by the Clerk's Office and stamped December 12, 2003. Thus, under Rule 3 of the Federal Rules of Civil Procedure and under the "mailbox rule" that governs the filing of civil lawsuits, Plaintiff's lawsuit was commenced on December 5, 2003, a date that fell beyond the applicable statute of limitations. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Richard v Ray*, 290 F.3d 810, 812 (6th Cir. 2002) (applying the mailbox rule).

As to Plaintiff's argument under Fed. R. Civ. P. 60(b)(3), Defendants argue that a motion for relief under that subsection must be filed "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Def.'s Resp. [88] at 2-3 (quoting Fed. R. Civ. P. 60(c)(1), which governs the timing of Rule 60 motions). Defendants note that the Order [80] from which Plaintiff seeks relief was filed on September 22, 2008, but that Plaintiff did not file his Rule 60 Motion until more than a year later, on October 9, 2009. Therefore, Defendants argue, the mandatory language of Rule 60(c)(1) precludes the Court from granting the relief Plaintiff requests under Fed. R. Civ. P. 60(b)(3). Defendants further argue that, even if the Court were to reach the merits, there is no evidence of fraud, misrepresentation, or misconduct by Defendants so as to afford Plaintiff any basis for relief. *See id*. at 3.

Finally, as to Plaintiff's argument under Fed. R. Civ. P. 60(b)(6), Defendants likewise argue that Plaintiff's motion was not filed within the "reasonable time" mandated by Fed. R. Civ.

P. 60(c)(1), and that Plaintiff makes no argument now that could not have been raised in response to Defendants' dispositive motion or in objections to the Magistrate Judge's Report and Recommendation. Defendant also argues that Plaintiff has not demonstrated that this case constitutes the kind of "unusual and extreme situatio[n] where principles of equity *mandate* relief" under Fed. R. Civ. P. 60(b)(6). *See id*. at 4 (quoting *Olle v Henry Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (holding that district courts may only grant relief from judgment under 60(b)(6) in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)(6)")).

Plaintiff has not filed a reply to address any of Defendants' factual assertions or legal arguments. In the absence of any reply from Plaintiff, the Court finds Defendants' arguments persuasive.

Therefore, for the reasons stated in Defendants' Response [88] and summarized above, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment [87] is **DENIED**.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: September 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**David Scott**
191939
1308 Shelway Drive
Brighton, MI 48114-8171

on September 29, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager